

FILED

10/13/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0484

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0484

DAVION JONES,

Petitioner,

v.

PETER BLUDWORTH, Warden,

Respondent.

FILED

OCT 1 3 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Davion Jones petitions this Court for habeas corpus relief, indicating that his sentence is illegal because it is longer than the law allows. He explains that he was sentenced on October 31, 2016, to the Department of Corrections (DOC) for five years, ten months, and fifteen days. Jones contends that the ten months and fifteen days exceed the five-year, maximum sentence for a DOC commitment. He requests that this Court adjust his illegal sentence and make the additional time as a suspended sentence so he can have a discharge date in October 2021, instead of August 11, 2022. Jones did not include any attachments, and it appears that he did not serve the Attorney General for the State of Montana.

We obtained copies of the charging documents and final judgment from the Eighth Judicial District Court, Cascade County. In March 2016, the State charged Jones with felony criminal endangerment, misdemeanor criminal mischief, and misdemeanor disorderly conduct. Jones entered into a plea agreement by which he pled guilty to criminal endangerment in exchange for dismissal of the two misdemeanors. On October 31, 2016, Jones appeared with counsel for sentencing in the District Court. On the felony conviction, the District Court stated in its Sentencing Order and Judgment:

> The Defendant is committed to the **Department of Corrections** for a period of 5 yrs, 10 months, 15 days, through April 14, 2022, with **a recommendation for the Pine Hills Adult Vocational Treatment**

**Facility, to run concurrent to the sentence he receives in Cause No. CDJ-15-091.**

Sentencing Order and Judgment, at 1 (Mont. Eighth Judicial Dist. Ct. Oct. 31, 2016). (Emphasis in original). Jones did not appeal.

Jones's sentence is not illegal. Jones's argument references the Montana sentencing statute requiring the suspension of all but the first five years for a DOC commitment. *See* § 46-18-201(3)(a)(iv)(A), MCA (2015). This statute, however, does not apply to Jones's sentence because Jones also had a Youth Court matter, Cause No. CDJ-15-091. The appropriate sentencing statute states:

> Whenever a person has been found guilty of an offense upon a verdict of guilty or a plea of guilty or nolo contendere, a sentencing judge may impose a sentence that may include:
>
> . . .
>
> commitment of:
>
> . . .
>
> a youth transferred to district court under 41-5-206 and found guilty in the district court of an offense enumerated in 41-5-206 to the department of corrections for a period determined by the court for placement in an appropriate correctional facility or program[.]

Section 46-18-201(3)(a)(iv)(B), MCA (2015). The court may impose a sentence which is any combination of §§ 46-18-201(2) and 46-18-201(3)(a)(i) through (3)(a)(vii). Section 46-18-201(3)(a)(viii), MCA (2015). *See also State v. Strong*, 2009 MT 65, ¶ 22, 349 Mont. 417, 203 P.3d 848 (This Court held that a district court has the authority to sentence a youth "with the possibility of a DOC commitment in a variety of settings . . . .").

The District Court imposed a valid sentence under Montana statutes. Jones has not demonstrated that he has an invalid sentence nor is he entitled to a sentence recalculation by the DOC. He is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Jones's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record along with a copy of Jones's filed Petition and to Davion Jones personally.

DATED this 13th day of October, 2020.

Justices